

FILED

**NOT FOR PUBLICATION**

NOV 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 07-16435 |
| Plaintiff - Appellant, | D.C. No. CV-04-00455-JCM |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 08-15976 |
| Plaintiff - Appellant, | D.C. No. 3:04-CV-00455-JCM- |
| and | GWF |
| JEFFREY A. DICKERSON, | |
| Interested Party - Appellant, | |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | |
| Defendants - Appellees. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 08-17626 |
| Plaintiff - Appellant, and | D.C. No. 3:04-cv-00455-JCM-GWF |
| JEFFREY A. DICKERSON, | |
| Interested Party - Appellant, v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 09-16057 |
| Plaintiff - Appellee, and | D.C. No. 3:04-cv-00455-JCM-GWF |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | |
| Defendants - Appellants. | |

2

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 09-17496 |
| Plaintiff, | D.C. No. 3:04-cv-00455-JCM-GWF |
| and | |
| JEFFREY A. DICKERSON, | |
| Interested Party - Appellant, | |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 10-16671 |
| Plaintiff, | D.C. No. 3:04-cv-00455-JCM-GWF |
| and | |
| JEFFREY A. DICKERSON, | |
| Interested Party - Appellant, | |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 10-17069 |
| Plaintiff - Appellant, | D.C. No. 3:04-cv-00455-JCM-GWF |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 10-17150 |
| Plaintiff - Appellant, | D.C. No. 3:04-cv-00455-JCM-GWF |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 10-17282 |
| Plaintiff - Appellant, | D.C. No. 3:04-cv-00455-JCM-GWF |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued in part and submitted October 11, 2011[**]
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and ALBRITTON, Senior District Judge.[***]

These consolidated appeals arise out of various orders entered by the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

## 07-16435

In appeal 07-16435, we grant defendants' motion for judicial notice of the complaints in the related cases because the record in this case contains numerous references to these documents and they were central to the parties' arguments before the district court. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

We hold that the vexatious litigant injunction was properly issued because (1) Hussein had notice and an opportunity to submit written arguments on the

---

[**] The panel unanimously concludes that appeal numbers 07-16435, 08-17626, 09-16057, 09-17496, 10-17069, and 10-17150 are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William H. Albritton, III, Senior District Judge for the U.S. District Court for Middle Alabama, sitting by designation.

issue; (2) the district court created an adequate record for review by addressing Hussein's prior cases; (3) the district court made substantive findings as to the frivolous and harassing nature of the actions; and (4) the injunction was narrowly tailored to prevent Hussein only from continuing his frivolous and harassing litigation tactics. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–58 (9th Cir. 2007).

## 08-15976

In appeal 08-15976, we hold that the first contempt order was not an abuse of discretion because Hussein's new actions violated the injunction (1) by seeking to relitigate whether Wilds violated his First Amendment rights by not calling on him at a faculty meeting, and (2) by seeking to relitigate his access to performance evaluations.

## 08-17626 and 09-17496

In appeals 08-17626 and 09-17496, we hold that the second contempt order was not an abuse of discretion because Hussein violated the court's order to seek only injunctive relief for his termination, and because the complaint attached to his motion to allow a supplemental complaint violated the order by attempting to relitigate defense counsel's use of the disputed subpoenas.

**09-16057**

In appeal 09-16057, we hold that the district court had jurisdiction to determine the amount of the contempt award because the notice of appeal was premature and a premature notice of appeal does not deprive the district court of jurisdiction. *See Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir. 1989). We vacate the order holding the issue was moot and remand for the district court to determine the amount of the contempt award.

**10-16671**

In appeal 10-16671, we hold that the 28 U.S.C. § 1927 sanctions against Dickerson were not an abuse of discretion because Dickerson engaged in unreasonable, vexatious, and bad faith conduct, as described by the district court. The district court did not abuse its discretion by finding that the costs incurred by the defendants after Dickerson was warned to drop the unsupported cases were "excess costs, expenses and attorney's fees reasonably incurred" after Dickerson received the warning. *See De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1076–77 (9th Cir. 2011).

## 10-17069

In appeal 10-17069, we hold that issuing the third contempt order was not an abuse of discretion because Hussein's second amended complaint would have required relitigating the evidence of a break-in at Hussein's laboratory to establish the reason for the alleged defamatory news article. Hussein was not denied due process by his failure to attend the contempt hearing because he had ample notice of the hearing and was permitted to provide written arguments. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1120 (9th Cir. 2000).

## 10-17150

In appeal 10-17150, Hussein argues that Judge Mahan should have disqualified himself. First, he argues disqualification was necessary because nearly ten years ago Judge Mahan was appointed as a state judge by a former governor who is now a defendant in one of Hussein's other actions. Because Hussein has not established that Judge Mahan had any relevant relationship with the former governor at the time of the disqualification motion, Judge Mahan did not abuse his discretion by denying the motion. *See Clemens v. U.S. District Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005).

Hussein also argues that Judge Mahan should have disqualified himself because his former law clerk now works for defense counsel's firm. Because the

former law clerk has not worked on this case, disqualification was not necessary. *See United States v. Bosch*, 951 F.2d 1546, 1548–49 (9th Cir. 1991).

## 10-17282

In appeal 10-17282, we hold that the fee award entered against Hussein for defense expenses was not an abuse of discretion because the district court properly found that Hussein's actions were frivolous and were brought to harass. *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983). There is no cause to adjust the amount set by the district court.

## Costs

In appeal 07-164735, challenging the injunction, costs are taxed against appellant.

In appeal 08-15976, challenging the first contempt order, costs are taxed against appellants.

In appeals 08-17626 and 09-17496, challenging the second contempt order, costs are taxed against appellants.

In appeal 09-16057, challenging the mootness ruling, costs are taxed against appellees.

In appeal 10-16671, challenging the sanctions under 28 U.S.C. § 1927, costs are taxed against appellant.

In appeal 10-17069, challenging the third contempt order, costs are taxed against appellant.

In appeal 10-17150, challenging the denial of the disqualification motion, costs are taxed against appellant.

In appeal 10-17282, challenging the award of attorney fees, costs are taxed against appellant.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**